Dear Representative Daniel:
You have requested an opinion of this office regarding whether an attorney is required to hold a credit repair service organization license in order to render credit repair services to a client. Specifically, you ask whether an attorney who renders credit repair services to clients concurrently with non-credit repair services is required to hold such a license.
The regulation and licensing requirements of credit repair services are set forth in the Credit Repair Services Organization Act (the "Act"). See La. R.S. 9:3573.1, et seq. The Act provides that, "no person shall conduct business as a credit repair services organization without first having obtained a license from the commissioner and paying a five hundred dollar application fee." La. R.S. 9:3573.1(C). The Act defines a `credit repair services organization' as follows:
 "Credit repair services organization" means a person who, with respect to a buyer, in return for the payment of money or other valuable consideration, directly or indirectly, provides or represents that he can or will, directly or indirectly, provide any of the following services:
 (a) Improving a buyer's credit record, history, or rating.
 (b) Advice or assistance to a buyer with regard to improving a buyer's credit record, history, or rating, including the sale of a self-help instructional guide.
La. R.S. 9:3573.2(4). However, La. R.S. 9:3573.2(B)(5) provides an exemption from the licensing requirements of the Act. The provision states: *Page 2 
 A person licensed to practice law in this state while acting within the course and scope of the person's practice as an attorney, and when such attorney is not actively and principally engaged as a credit repair services organization and such attorney's credit repair services are ancillary to the providing of other legal services. The exemption provided for in this Paragraph does not apply when an attorney is paid a fee by a client solely for the purposes of providing services, directly or indirectly, as a credit repair services organization as defined in Paragraph (A)(4) of this Section.
Based upon the exemption cited above, it is the opinion of this office that when an attorney meets the standards set forth in La. R.S. 9:3773.2(B)(5), specifically (i) being licensed to practice law in Louisiana; (ii) performing credit repair services ancillary to other legal services; and (iii) not being paid a fee by the client solely for providing services of a credit repair service organization, then the attorney is exempt from the licensing requirements found in the Credit Repair Services Organization Act. However, an attorney who is being paid solely for the purpose of providing services of a credit repair service organization is not so exempt. It is the policy of our office that we not make factual determinations. Therefore, the judgment as to whether a particular attorney would be exempt from the requirement of holding a credit repair service organization license would have to be made on a case by case basis by the attorney.
While the foregoing is based on the law as it is presently written, we note that a serious issue as to the constitutionality of La. R.S.9:3573.2(B)(5) may exist. Under the inherent judicial power and its original jurisdiction, the Supreme Court of Louisiana has exclusive authority to regulate the practice of law in this state. La. Const. art. V, § 5(B); O'Rourke v. Caims, 95-3054 (La. 11/25/96), 683 So. 2d 697,700. It appears that La. R.S. 9:3573.2 may be an attempt to regulate the practice of law in derogation of the Supreme Court's express authority to do so.
The "practice of law" is defined by La. R.S. 37:212, which states in part:
 A. The practice of law means and includes:
 (2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
 (a) The advising or counseling of another as to secular law;
 (b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights. . . .
The types of services listed in La. R.S. 9:3573.1(C) as services performed by credit repair service organizations are also services that could qualify as the "practice of law" based on the definition provided in La. R.S. 37:212. Therefore, *Page 3 
a licensed attorney may be allowed to perform these credit repair services, regardless of whether they are ancillary to legal services, without having to obtain any additional licenses. While we note our concern that La. R.S. 9:3573.2(B)(5) may conflict with the Supreme Court of Louisiana's authority to exclusively regulate the practice of law, we also note that it is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies, Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98) 718 So.2d 1081, 1087. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Brenan, 1999-2291 (La. 5/16/00) 772 So.2d 64, 67. [Citations omitted.]
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 By: ___________________________ Lindsey K. Hunter Assistant Attorney General
 CCF, Jr./LKH/crt